Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
**General Crimes Division**
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 477-3390 (Fax)
www.guamattorneygeneral.com
guamattorneygeneral@hotmail.com

**Attorneys for Respondents**

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| RANDY IGNACIO CHARGUALAF, | Civil Case No. CV05-00014 |
| Petitioner, | **OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| ROBERT D. CAMACHO, Director of Corrections, Government of Guam, and THE ATTORNEY GENERAL OF GUAM, | |
| Respondents. | |

## I. INTRODUCTION

On May 5, 2005, Petitioner Randy Ignacio Chargualaf filed a petition for writ of habeas corpus. Respondents Robert D. Camacho and the Attorney General of Guam now submit their Opposition to Petition for Writ of Habeas Corpus.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On July 31, 1997, Petitioner was indicted on charges stemming from an armed robbery. See Excerpts of Record (R.) at 60-64. As Petitioner's case progressed toward trial, the court appointed and substituted counsel for Petitioner several times, variously on motion of Petitioner or his counsel. On May 6, 1999, the court held a hearing on the motion to withdraw as counsel

filed by Attorney Terrence Timblin, Petitioner's fifth appointed attorney. See R. at 96-99. The court denied Attorney Timblin's withdrawal motion.

Following a trial in the Guam Superior Court, a jury convicted Petitioner on several of the charges on November 9, 1999. See R. at 121-22. The court sentenced Petitioner to 35 years imprisonment. See R. at 122-23. Petitioner appealed his conviction to the Guam Supreme Court on three grounds: denial of the suppression motion violated his Fourth Amendment rights; the court should have excluded a witness's identification testimony; and the jury returned an inconsistent verdict. See R. at 126. The Guam Supreme Court affirmed the conviction. See R. at 146.

Petitioner applied to the Ninth Circuit Court of Appeals for a writ of certiorari; this was denied on April 16, 2001. See R. at 266. Petitioner applied to the United States Supreme Court for a writ of certiorari; this was denied on October 1, 2001. See R. at 266. The Guam Supreme Court set forth these facts in a mandate issued on January 23, 2004. See R. at 266.

On September 26, 2003, Petitioner filed a petition for writ of habeas corpus in Guam Superior Court, claiming ineffective assistance of appellate counsel because his lawyer did not argue on appeal that the Guam Superior Court erred in denying the motion to substitute counsel. See R. at 1C. The court held an evidentiary hearing on December 5, 2003, at which both Petitioner and Respondent called Attorney Timblin to testify. See R. at 16-56. On February 27, 2004, the Guam Superior Court denied the application for writ of habeas corpus. See R. at 178.

On July 8, 2004, Petitioner applied to the Guam Supreme Court for a writ of habeas corpus, again claiming ineffective assistance of appellate counsel because his lawyer did not argue on appeal that the Guam Superior Court erred in denying the motion to substitute counsel. See R. at 215. On October 4, 2004, the Guam Supreme Court denied the application for writ of

habeas corpus. See R. at 256. On November 5, 2004, Guam Supreme Court denied Petitioner's request for rehearing. See R. at 264.

On May 5, 2005, Petitioner filed the instant petition for writ of habeas corpus. Respondents now submit this Opposition to the Petition for Writ of Habeas Corpus.

## III. ARGUMENT

### A. Standard of Review Applicable to Section 2254 Petition

Petitioner seeks federal habeas review. In his application for writ of habeas corpus, Petitioner asserts a claim of ineffective assistance of appellate counsel based on counsel's failure to argue on appeal that the Superior Court erred in denying the motion to substitute counsel.

Under section 2254 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Congress has "modifie[d] the role of federal habeas courts in reviewing petitions filed by state prisoners." Williams v. Taylor, 529 U.S. 362, 403, 120 S. Ct. 1495, 1518, 146 L. Ed. 2d 389 (2000). The law now imposes a stricter standard of review:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2). This provision applies in the instant case because Petitioner is not a federal prisoner entitled to proceed under section 2255 of the AEDPA and his claim has undergone review in the Superior Court of Guam and the Supreme Court of Guam.

In Petitioner's case, the Guam Supreme Court declined to issue a writ of habeas corpus based on its finding that Petitioner had not suffered prejudice as a result of his appellate counsel's performance. R. at 256. Under the dictates of section 2254(d), this Court owes deference to that conclusion and, on that basis, should deny the petition for writ of habeas corpus.

**B. Standard for Determining Ineffective Assistance of Counsel**

A defendant has a constitutional right to effective assistance of counsel on a first appeal as of right. Evitts v. Lucey, 469 U.S. 387, 396, 105 S. Ct. 830, 836, 83 L. Ed. 2d 821 (1985). To establish ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under Strickland, a petitioner must first show that his attorney's performance was deficient, i.e., that counsel committed unreasonable errors. Id. at 687-88, 104 S. Ct. at 2064-65. Second, a petitioner must show that he suffered prejudice as a result, meaning that, but for counsel's errors, the outcome of the proceedings would have been different. Id. at 694, 104 S. Ct. at 2068.

Translating this standard to demonstrate ineffective assistance of counsel on appeal, a petitioner

> must first show that his counsel was objectively unreasonable in failing . . . to discover nonfrivolous issues and to file a merits brief raising them. If [petitioner] succeeds in such a showing, he then has the burden of demonstrating prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal.

Smith v. Robbins, 528 U.S. 259, 285 (2000). Thus, Petitioner must show that counsel failed to raise a significant and obvious issue without any legitimate strategic reason for doing so and prejudiced Petitioner in the sense that there is a reasonable probability that his case would have

been remanded for a new trial or that the decision of the trial court would have been otherwise modified on appeal.

Courts have identified several factors to take into consideration when deciding whether appellate counsel gave a constitutionally ineffective performance in failing to raise certain issues on appeal, including:

> (1) whether the omitted issues were significant and obvious,
> (2) whether the omitted issues were clearly stronger than those presented, and
> (3) [whether] the decision to omit an issue was an unreasonable one that only an incompetent attorney would adopt.

Higgins v. Renico, 362 F. Supp. 2d 904, 919 (E.D. Mich. 2005) (citing Mapes v. Coyle, 171 F.3d 408, 427-28 (6th Cir.1999)) (numbering added). These factors are analyzed in the context of this case below.

## C. Appellate Counsel's Failure to Raise Issue of Denial of Withdrawal (Substitution) Motion on Appeal did not Render Counsel's Assistance Ineffective

Petitioner claims ineffective assistance of appellate counsel based on counsel's failure to raise the trial court's alleged error in denying the motion to substitute counsel. However, Petitioner cannot show that this was a significant and obvious issue that his appellate counsel should have raised on appeal unless he had a legitimate strategic reason for not doing so. Petitioner also cannot show that he suffered any prejudice, because there is no reasonable probability that his case would have been remanded for a new trial or that the decision of the trial court would have been otherwise modified on appeal had counsel raised the issue of the denial of the withdrawal motion.

In Morrison v. Estelle, 981 F.2d 425 (9th Cir. 1992), cert. denied, 508 U.S. 920, 113 S. Ct. 2367, 124 L. Ed. 2d 273 (1993), a habeas petitioner asserted ineffective assistance of appellate counsel because his attorney did not argue on direct appeal that the state gave him

inadequate notice of the felony-murder charges against him. Morrison, 981 F.2d at 427. The court, however, found the notice given adequate. Id. at 428. Thus, "[b]ecause Morrison's appellate counsel would not have been successful in arguing inadequate notice of a felony-murder charge, Morrison does not sustain his burden of proving ineffective assistance of counsel through the two-prong test set forth in Strickland." Id. at 429.

In Miller v. Keeney, 882 F.2d 1428 (9th Cir. 1989), a habeas petitioner asserted ineffective assistance of appellate counsel because his attorney did not argue on appeal that the trial court should not have allowed a police officer to testify that petitioner tried to wipe off a chemical designed to trace explosives residue on petitioner's hands before counsel had been appointed to represent petitioner. Id. at 1434. The Ninth Circuit found that raising this issue on appeal would not have led to a reasonable probability of reversal:

> While raising the hand wiping incident on direct appeal would not have been frivolous, neither would it have led to a reasonable probability of reversal. The police did not interrogate Miller once he requested to confer with counsel; they only attempted to obtain physical evidence from him for the purpose of performing a scientific test. It is extremely doubtful that the Oregon Court of Appeals would have determined that Miller had a federal constitutional right to the presence of counsel during the swabbing . . . .

Id. Thus, the court concluded that the petitioner did not meet the two prongs of the Strickland test, because appellate counsel did not perform incompetently and petitioner suffered no prejudice as a result. Id. at 1435.

In the instant case, as in Morrison and Miller, Petitioner cannot meet the Strickland test. First, the omitted issue was not significant and obvious. The Guam Supreme Court, in its decision denying Petitioner's application for writ of habeas corpus, relied on its decision in Angoco v. Bitanga, 2001 Guam 17, 2001 WL 799555 (Guam 2001), to find that appellate counsel in the instant case rendered ineffective assistance because he never considered raising

on appeal the issue of the denial of the motion for withdrawal as counsel. However, the situation in this case differs from that in Angoco in significant respects.

In Angoco, appellate counsel stated that "the issue of a Lesser-Included Offense to Felony Murder just never even crossed [his] mind" and "in retrospect, he believed the omitted instruction argument was Angoco's best argument for reversal." Id. at ¶ 10. Because counsel's actions, by his own admission, did not constitute tactical or trial strategy, the Guam Supreme Court found his performance sufficiently deficient to meet the first prong of Strickland. Id.

Here, in contrast, Attorney Timblin proceeded to defend Petitioner at trial after denial of his withdrawal motion. He perceived no irreconcilable differences between himself and Petitioner, and he considered that he had done a good job on behalf of Petitioner, obtaining acquittals on some of the charges. R. at 33-34. In addition, Petitioner did not ask Attorney Timblin to withdraw after the hearing on May 10, 1999, and agreed to let Attorney Timblin handle his appeal. R. at 34. Given these developments, any observer would reasonably have divined that Petitioner and Attorney Timblin had established a working attorney-client relationship. As a result, in light of the tenor of their relationship through trial and appeal, it would never have occurred to reasonable appellate counsel to appeal the denial of the motion to withdraw because, by the time of the appeal, the issue was neither significant nor obvious.

Subsequent developments affirm the reasonableness of omitting to appeal the denial of the motion to withdraw. For instance, Petitioner asked Attorney Timblin to handle the petition to the Ninth Circuit Court of Appeals for a writ of certiorari. R. at 34. Later, Attorney Timblin assisted Petitioner in preparing a pro se petition to the U.S. Supreme Court for writ of certiorari. R. at 35. Attorney Timblin testified:

[Petitioner]'s something of a jailhouse lawyer. In fact, he provided me with

cases. Again, the main issue is a suppression issue about there was this traffic stop and how far he could go in detaining him. And Mr. Chargualaf actually gave me a few cases that were, I think, actually cited to the Supreme Court.

R. at 35.

These facts show that a conflict-riddled relationship no longer existed (if it ever had) between Petitioner and Attorney Timblin. Consequently, these facts negate Petitioner's contention that the outcome of the appeal would have been different if only appellate counsel had raised the issue of the denial of the withdrawal motion. Thus, the omitted issue was neither significant nor obvious, nor did its omission on appeal constitute the unreasonable act of an incompetent attorney. In fact, the omitted issue was not clearly stronger than those issues actually presented on appeal, which included Petitioner's contention that denial of the suppression motion violated his Fourth Amendment rights; an assertion that the court should have excluded a witness's identification testimony; and a claim that the jury returned an inconsistent verdict.

Thus, Petitioner's appellate counsel performed effectively for purposes of meeting Sixth Amendment requirements. As a result, Petitioner cannot meet the first prong of the <u>Strickland</u> test. Therefore, Petitioner's application for writ of habeas corpus should be denied.

**D. Even if Appellate Counsel's Performance was Constitutionally Ineffective, the Trial Court Committed Harmless Error in Denying the Motion to Withdraw**

According to the Ninth Circuit Court of Appeals, "[a] federal court reviewing a state court determination in a habeas corpus proceeding ordinarily applies a harmless error standard, examining whether the error 'had substantial and injurious effect or influence' on the trial." <u>Schell v. Witek</u>, 218 F.3d 1017 (9th Cir. 2000) (quoting <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). The standard of review used in the Ninth

Circuit to examine the constitutionality of a state court's handling of a motion to substitute appointed counsel based on allegations of an irreconcilable conflict is "whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" Schell, 218 F.3d at 1025 (quoting 28 U.S.C. § 2254(a)).

Thus, there is no need for the reviewing court to examine the three traditional factors (timeliness, adequacy of inquiry, and extent of conflict) when deciding whether a trial court abused its discretion in deciding a motion to substitute counsel. "Instead, the basic question is simply whether the conflict between [petitioner] and his attorney prevented effective assistance of counsel." Schell, 218 F.3d at 1026.

In Schell, the petitioner appealed the denial of habeas relief based on the trial court's failure to conduct an inquiry and rule on his motion to substitute counsel. Id. at 1020. The Ninth Circuit reversed the denial of the writ petition and remanded the matter to the district court for an evidentiary hearing to establish the nature and extent of the conflict between the petitioner and his lawyer, and to determine whether the conflict had prevented the petitioner from receiving constitutionally adequate representation:

> In the event that the trial court determines that a serious conflict did exist that resulted in the constructive denial of assistance of counsel, no further showing of prejudice is required; and Schell's trial shall be presumed to have been unfair. If the serious conflict did not rise to the level of a constructive denial of counsel, however, Schell would have to prove he was prejudiced by the conflict.

Id. at 1027-28 (citations and internal quotations omitted).

In the instant case, unlike in Schell, the reviewing court did conduct an evidentiary hearing into the nature and extent of the conflict between Petitioner and Attorney Timblin. The record shows that no serious conflict existed between the two. R. at 33. Attorney Timblin testified that he and Petitioner did not experience irreconcilable differences. R. at 33, 35.

While Attorney Timblin did express concern, at the hearing on the withdrawal motion, about his ability to continue to defend Petitioner should Petitioner file an ethics complaint against him, R. at 32-33, the court had stated that it would revisit the motion to substitute counsel should the ethics complaint materialize. R. at 107. Petitioner never did file an ethics complaint against his attorney, and the trial court therefore had no cause to revisit the matter.

The record shows minimal conflict between Petitioner and Attorney Timblin, with no significant or lasting effect on attorney-client communications. Their relationship met the standards required by the Sixth Amendment. Thus, Petitioner did not suffer constructive denial of counsel's assistance and did not suffer a violation of his constitutional rights. Consequently, this Court cannot presume that his trial was unfair. As a result, Petitioner would have to satisfy the second prong of Strickland and show that he suffered prejudice as a result of any conflict between him and Attorney Timblin. As discussed above, this he cannot do. Therefore, the Court should deny his petition for writ of habeas corpus.

## IV. CONCLUSION

Given the foregoing, Petitioner has not demonstrated that his imprisonment violates the Constitution or laws or treaties of the United States. Petitioner has not shown that his attorney performed deficiently in failing to raise the issue of denial of the withdrawal motion on appeal. Petitioner has also failed to show that he suffered any prejudice as a result of counsel's actions. Thus, he has failed to meet the two-prong Strickland test for ineffective assistance of counsel. As a result, Petitioner is not entitled to the requested relief. Therefore, this Court should deny

///

///

///

| | |
|---|---|
| 1 | his petition for writ of habeas corpus. |
| 2 | **DATED:** July 15, 2005. |

DOUGLAS B. MOYLAN
Attorney General of Guam

*/s/ M. Woloschuk*
MARIANNE WOLOSCHUK
Assistant Attorney General
Attorney for Respondents