Civil Case No. 05-00014

(Guam Superior Court Nos. CF 0317-97 & SP 0228-03;
Guam Supreme Court Nos. CRA 00-002 & WHC 04-001;
Ninth Circuit No. 01-70172; United States Supreme Court
No. 00-10126)

## DISTRICT COURT OF GUAM

------------

RANDY IGNACIO CHARGUALAF,

Petitioner,

vs.

ROBERT D. CAMACHO,
Director of Corrections,
Government of Guam,

Respondent,

and

THE ATTORNEY GENERAL OF GUAM,

Additional Respondent.

------------

## REPLY TO OPPOSITION TO PETITION
## FOR WRIT OF HABEAS CORPUS

------------

The opposition to the petition is based, in large measure, on facts which

were inaccessible on direct appeal.

Respondents recite facts to which counsel testified long after the direct

appeal. (Opposition at 7-10.) For example, respondents recite that "Attorney

Timblin assisted Petitioner in preparing a pro se petition to the U.S. Supreme Court

**ORIGINAL**

FILED
DISTRICT COURT OF GUAM
AUG 11 2005
MARY L.M. MORAN
CLERK OF COURT

for writ of certiorari." (Opposition at 7.) More to the point, respondents' argument depends almost entirely on these facts: *"Consequently, these facts* negate Petitioner's contention that the outcome of the appeal would have been different if only appellate counsel had raised the issue of the denial of the withdrawal motion." (Opposition at 8 (emphasis added).)

It could not be clearer that "these facts" are wholly irrelevant. How in the world would the appellate court have known about "these facts?" How in the world would "these facts" have been accessible?

Petitioner has maintained, ever since the hearing on his first petition, that "these facts" are wholly irrelevant:

> MR. TRAPP: . . . I have put Mr. Timblin on the stand . . . because the Government has raised a legitimate question, in other words, did he consider this question and choose not to use it [be]cause he thought it was a weaker one than the others, or did he simply overlook it, because it makes a difference and that is an issue in this case, but as to whatever happened in the [trial court], I respectfully submit to the Court it's irrelevant to this inquiry because to pad out the record, to add anything to the record is totally irrelevant because our point is only one point and that is that Mr. Timblin did not raise this point in the Supreme Court, and if he had raised it in the Supreme Court, . . . then Mr. Chargualaf would have won his appeal and he would have gotten a new trial. . . . And the record in the Supreme Court would have been the record as it stands without any other further explanations or anything of the sort, and it would have been a direct appeal based upon the record. . . . [T]he question is, taking that record, would Mr. Timblin have prevailed? Now, . . . the Government may argue, . . . "Well, he was competent counsel." They want to show now what was the real relationship between Mr. Chargualaf and Mr. Timblin, they want to flesh all that out. Wholly irrelevant. . . . [N]one of that would have been before the

2

Supreme Court.

. . . .

... [The government]'s talking about incompetence
of counsel at the trial court level. We're not alleging that
at all. We're simply saying . . . the record that we have
is the record that should have been before the Supreme
Court. . . . Now, if the Court is going to allow the
Government to put in something that would not have been
before the Supreme Court . . . , then we would like to
have a running objection, . . . so I don't have to keep
interrupting the proceeding. But when the Government
says that an appellate court . . . will often send a case
back down, or it will simply refuse to rule . . . on the
ineffective assistance of counsel argument because there
isn't a complete record, . . . it's invariably in a case
where the problem was incompetence in the trial court,
and we're not alleging that . . . So I want to make it clear
. . . so that the Court understands where we're coming
from here. And no matter what Mr. Timblin says . . .
now about the relationship, about how well he prepared
for the trial or something, it's not something that would
have been before the Supreme Court, which is the only
issue here.

(Excerpts of R. 24-28.)

The petition for writ of habeas corpus should be granted.

Dated, Hagåtña, Guam,

August 8, 2005.

HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for petitioner

3

## DECLARATION OF SERVICE

I, Charlene C. Cruz, declare that I am a secretary employed in the office of Howard Trapp, Esq., the attorney for petitioner herein, and that I served the document to which this declaration is annexed on the Honorable Douglas B. Moylan, Attorney General of Guam, by leaving a copy thereof at his office at 247 West O'Brien Drive, Hagåtña, Guam, his last known address, with a person in charge thereof, on August 11, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Hagåtña, Guam, on August 11, 2005.

CHARLENE C. CRUZ

## DECLARATION OF SERVICE

I, Charlene C. Cruz, declare that I am a secretary employed in the office of Howard Trapp, Esq., the attorney for petitioner herein, and that I served the document to which this declaration is annexed on Robert D. Camacho, Director of Corrections, Government of Guam, by leaving a copy thereof at his office at Building A111, Mariner Blvd, Tiyan, Guam, his last known address, with a person in charge thereof, on August 11, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Hagåtña, Guam, on August 11, 2005.

CHARLENE C. CRUZ